Antonio Roig, Sucrs., S. en C., recurrente, *v.* Junta de Salario Mínimo de Puerto Rico, demandada.

Núm. 106.—*Sometido:* Junio 23, 1947. *Resuelto:* Julio 9, 1947.

*James R. Beverley, R. Castro Fernández* y *José López Baralt,* abogados de la recurrente; *Ismael Soldevila,* abogado de la demandada.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

La Junta de Salario Mínimo radicó moción solicitando anulemos el auto expedido en este caso fundada en los siguientes motivos: 1ro., porque la resolución impugnada es de carácter puramente administrativo, dictada por el Pre-

sidente de la Junta, sin causar estado de derecho alguno; 2do., porque no se han cumplido los requisitos de ley para toda revisión, es decir, no se solicitó la reconsideración de la resolución recurrida.

Oímos a las partes sobre la procedencia de esta moción y la recurrente sostiene, 1ro., que la resolución recurrida equivale a una orden final dictada por la Junta y es, por tanto, revisable bajo la sección 24 de la Ley de Salario Mínimo y, 2do., que hubo solicitud de reconsideración aun cuando no bajo juramento.

En la solicitud de revisión radicada por A. Roig, Sucrs., S. en C. en este caso, se alega, en síntesis, que a virtud del Decreto núm. 3 la Junta de Salario Mínimo fijó salarios mínimos y horas máximas de labor para la fase agrícola e industrial de la industria azucarera en Puerto Rico; que el 22 de octubre de 1945 la recurrente recibió una carta de la Junta informándole que adeudaba a ciertos empleados la suma de $23,767.02 y le requería el pago de la misma; que el 31 de octubre de 1945 la recurrente contestó dicha carta llamando la atención hacia ciertos errores cometidos por el inspector de la Junta; que a solicitud de la recurrente la Junta fijó el 21 de mayo de 1946 para celebrar una vista administrativa, fecha en que compareció la recurrente, radicó su contestación a la reclamación y presentó su prueba; que por resolución del 2 de junio de 1947 la Junta rechazó todas las defensas alegadas por la recurrente en su contestación y ordenó a ésta que dentro del término de cinco días depositara en la Junta la cantidad de $22,737.10 que según la Junta adeuda la recurrente a sus empleados.

Alega entonces la recurrente en su solicitud que la Junta actuó sin facultad y en exceso de sus poderes por distintos motivos que enumera de la letra (a) a la (i), atacándose en algunos, a saber ,(a), (b) y (d), la apreciación de la prueba hecha por la Junta y alegándose en los demás cuestiones de derecho.

■ Aceptando, sin resolverlo, que la resolución recurrida sea una dictada por la Junta (la recurrida sostiene que no lo es), no se alega en la petición de la recurrente que ella solicitara la reconsideración de dicha resolución, según requiere la sección 24(b) de la Ley núm. 8 de 5 de abril de 1941 ((1)pág. 303), según quedó enmendada por la Ley núm. 217 de 11 de mayo de 1945 (pág. 681), para que la misma tenga carácter de final y pueda ser revisada por esta Corte, de acuerdo con el apartado (d) de la misma sección.(¹) La contestación que la recurrente hizo el 21 de marzo de 1946 al requerimiento de la Junta de 22 de octubre de 1945 no puede considerarse, como arguye la recurrente, como una moción de reconsideración a la resolución que dictó la Junta más de un año después en 2 de junio de 1947.

■■ Esto sería suficiente para que anuláramos el auto expedido, pero consideramos conveniente hacer constar, además, que aun cuando se hubiera solicitado la reconsideración y ésta hubiera sido denegada, la resolución de la Junta, actuando a través de su Presidente, no equivale a una orden final de pago de salarios dictada contra la recurrente (esto lo admitió el abogado de la Junta en la vista y así mismo en su alegato) sino que es una mera notificación del resultado de una investigación administrativa en relación con ciertos salarios que se alega la recurrente adeuda a sus obreros para el cobro de los cuales la Junta, a través de sus abogados, si procede, tendría que demandar a la recurrente ante la corte de distrito correspondiente, de acuerdo con el procedimiento establecido en la sección 25 de la ley.(²) De manera que sería dicha corte la que, en definitiva, podría dictar sentencia en contra de la recurrente si se probasen los hechos alegados por la Junta y de dicha sentencia podrá apelar la recurrente para

(¹)Es de notarse que la Ley núm. 451 aprobada el 14 de mayo de 1947 que comenzó a regir el primero de julio, al enmendar de nuevo la sección 24 eliminó el trámite de reconsideración y el concepto de final que la ley anterior daba a la resolución de la Junta al resolver una reconsideración solicitada.

(²)De acuerdo con la Ley núm. 451 de 1947 se enmienda esta sección y este poder pasa ahora al Comisionado del Trabajo.

ante esta Corte sin que estemos limitados, como en este recurso de revisión, a las cuestiones de derecho envueltas, sino que podemos entrar a considerar también los hechos.

*Procede, por lo expuesto, anular el auto expedido y desestimar la petición.*